# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **BRAHIM AYAD, et. al.** | ) | **CASE NO.  1:04CV2052** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Judge John M. Manos** |
| | ) | |
| **RADIO ONE, INC., et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | **MEMORANDUM OF OPINION** |

On September 10, 2004, Brahim Ayad and Michael Watson (collectively, "Plaintiffs") filed a

complaint in the Cuyahoga County Court of Common Pleas.  The complaint raises

(1) breach of contract, (2) First Amendment, (3) libel/slander, (4) breach of promise,

(5) discrimination, (6) tortious interference, and (7) conspiracy claims, all arising out of a decision by

Radio One, Inc. not to renew their one-year broadcasting agreement.

On October 12, 2005, Radio One, Inc., WERE Radio 1300 AM, Catherine L. Hughes, Carl

Hamilton, David Bivens, and Bill Glover, (collectively, "Defendants") removed this action pursuant to

28 U.S.C. §§ 1441 and 1446.  The Court has jurisdiction under 28 U.S.C. § 1331.

On December 20, 2004, the Defendants filed a Motion for Judgment on the Pleadings.

(Docket No. 17.)  On May 20, 2005, the Plaintiffs filed a response.  (Docket No. 42.)  On June 3,

2005, the Defendants filed a reply.  (Docket No. 43.)

All issues have been fully briefed and are ripe for adjudication.  For the following reasons, the

Motion for Judgment on the Pleadings, with respect to all federal claims, is **GRANTED**.  The

remaining state claims are **DISMISSED** for lack of subject matter jurisdiction and this matter is

**REMANDED** back to state court.[1]

## I.    FACTUAL BACKGROUND

On September 3, 2003, the Plaintiffs signed a one-year contract with the Defendants.  The

contract was set to expire on September 5, 2004.  According to its terms, the Plaintiffs would purchase

weekly air time for their radio show, "Politically Damned."  Although they initially aired their show on

Friday nights, additional time was purchased and the show was broadcast every weeknight.

Throughout the duration of the contract, "Politically Damned" received negative press due to alleged

anti-Semitic language.  At some point, an internal investigation was conducted to ensure that the show

was FCC-compliant.  No violation was discovered.

On September 5, 2004, after the original contract expired, the Defendants chose not to renew

the one-year agreement.  The show was taken off the air.  The Plaintiffs allege that the original contract

was either modified or supplanted by later agreements and that the decision to take their show off the

air violated these subsequent agreements.  They are seeking reinstatement of their show, $25,000,000

in compensatory damages, and $10,000,000 in punitive damages.

## II.    LEGAL STANDARD

A motion for judgment on the pleadings is evaluated under the same standards as a motion to

---

[1]    The Plaintiffs also ask the Court to reconsider (1) their subpoena request; (2) the
discovery stay; (3) their various motions to strike; (4) their motion to file an amended
complaint; and (5) their request for a voluntary dismissal.  (Docket No. 40.)  Because
they do not allege any new facts nor raise any new arguments, the Court denies the
request.

dismiss.  Schied v. Fanny Farmer Cany Shops, Inc., 859 F.2d 434, 436 n.1 (6th Cir. 1988).  In

deciding a motion to dismiss, the allegations are taken as true and viewed in the light most favorable to

the non-movant.  A claim will not be dismissed "unless it appears beyond a reasonable doubt that the

[non-movant] can prove no set of facts to support his claim which would entitle him to relief."  Hiser v.

City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994); see also Dana Corp. v. Blue Cross & Blue

Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990).  The complaint need only give fair

notice as to the claim and the grounds upon which it rests.  In re DeLorean Motor Co., 991 F.2d 1236,

1240 (6th Cir. 1993).

Conclusory allegations however, are not sufficient to state a claim.  Rather, a claim must set

forth specific facts, which, if proved, would warrant the relief sought.  Sisk v. Levings, 868 F.2d 159,

161 (5th Cir. 1989).  In addition, a court is not bound to accept as true a legal conclusion couched as a

factual allegation.  Papasan v. Allain, 478 U.S. 265, 286 (1986); Montgomery v. Huntington Bank,

346 F.3d 693, 697 (6th Cir. 2003).  A court likewise need not accept unwarranted factual inferences.

Montgomery, 346 F.3d at 697 (citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.

1987)).  Although *pro se* complaints are held to less stringent standards than those filed by lawyers,

they still must meet the basic pleading essentials.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

### III.    LAW AND ANALYSIS

#### A.    First Amendment

The Plaintiffs allege that "the actions of the Defendants are a violation of Plaintiffs'

Constitutional rights including but not limited to free speech."  (Complaint, at 8.)  The First Amendment

states, in pertinent part, "Congress shall make no law ... abridging the freedom of speech."  U.S. Const.

amend. I.  The First Amendment prescribes only governmental action. Public Utilities Comm'n v. Pollack, 343 U.S. 451, 461 (1952).  No governmental actor was involved in this matter.  Thus, the motion, with regard to the First Amendment claim, is granted.

### B.  Discrimination

The Plaintiffs allege that "Radio One's actions are discriminatory, by Race, Religion, and/or Political Ideology." (Complaint, at 8.)  The basis for their allegation is unclear.  To the extent that the Plaintiffs are alleging an employment discrimination claim, the Court has already held that such a claim lacks merit because they admit that they were never employees of Radio One and Title VII does not protect independent contractors.  See Shah v. Deaconess Hospital, 355 F.3d 496, 499 (6th Cir. 2004); (Docket No. 8, at 11.)

To the extent that the Plaintiffs are alleging a § 1981 discrimination claim, the Court has already held that such a claim lacks merit because they concede that the Defendants had a legitimate, non-discriminatory reason to not renew their broadcasting agreement.  Indeed, they admit that their show was cancelled because it was receiving complaints.  They even attached newspaper articles to their proposed amended complaint detailing the bad publicity.  (Proposed Amended Complaint, Exs. A & C.)  As the Court previously held, "it is completely legitimate and non-discriminatory for a broadcasting company to decide not to continue a show that is receiving bad press." (Docket No. 35, at 4.)  Their admission that the Defendants did not renew their agreement because of a legitimate, non-discriminatory reason is fatal to their claim of discrimination.  See Anthony v. BTR Auto. Sealing Sys., 339 F.3d 506, 515-16 (6th Cir. 2003).  The motion, with regard to the discrimination claim, is granted.

-4-

### C.    Conspiracy Claim

The Plaintiffs provide the conclusory allegation that "the actions of the Defendants Jointly and/or severally represent a conspiracy to cause harm to Plaintiffs." (Complaint, at 9.)  The basis for this claim is also unclear.  The Court has already held that a § 1983 conspiracy claim lacks merit because no state actor was involved in this matter, nor can the Defendants' actions fairly be attributed to the state.  See Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir. 2000); (Docket No. 35, at 5.)  The Court has also already held that a § 1985(2) conspiracy claim lacks merit because there was no legal proceeding, with which the Defendants could interfere, pending at the time of events alleged in the complaint.  See Miller v. Dowagiac Police Dep't, 1997 U.S. App. LEXIS 28739, *19-17 (6th Cir. Oct. 14, 1997); (Docket No. 35, at 5-6.)  Finally, the Court has already held that a § 1985(3) conspiracy claim lacks merit because no state actor was involved in this matter and the Plaintiffs do not allege the infringement of a constitutional right that is protected against private encroachment, such as the right to be free from involuntary servitude or the right to interstate travel.  See Carpenters v. Scott, 463 U.S. 825, 832 (1983); (Docket No. 35, at 6.).  Thus, the only conceivable basis for a conspiracy claim is under Ohio common law and the Court lacks subject matter jurisdiction to hear such a claim.

## IV.    CONCLUSION

For the foregoing reasons, the Motion for Judgment on the Pleadings, with respect to all federal

claims, is **GRANTED**.  The remaining state claims are **DISMISSED** for lack of subject matter

jurisdiction and this matter is **REMANDED** back to state court.  Each party to bear own costs.

**IT IS SO ORDERED.**


**Date: July 19, 2005**                                          */s/ John M. Manos*
                                                             **UNITED STATES DISTRICT JUDGE**